JiDUFRESNE, Judge.
This is an appeal by Randall Holmes, d/b/a/ BRH Transmission Parts and BRH Distributors of New Orleans, defendant-appellant, from dismissal of his action to nullify a default judgment entered against him in this workers’ compensation proceeding. For the following reasons, we set aside the default judgment and remand the matter for further proceedings.
The issues in this case are procedural. John Ware, the claimant, alleged that he was employed as a deliveryman by Holmes, and hurt his lower back when he fell while making a delivery. He further alleged that the incident occurred in late September or early October, 1996, but that|2he did not become disabled from it until February, 1997. Holmes apparently disputed the claim, and on May 20, 1997, Ware commenced proceedings with the Office of Workers’ Compensation.
It is stipulated by the parties that claimant appeared timely for a mediation conference which had been scheduled for June 9, 1997, but that Holmes arrived late and only after Ware had left. Holmes alleges that the mediator informed him then that the mediation would be rescheduled and that he would receive notice of the new time, but otherwise needed to do nothing. Several days later, however, Holmes received, via certified mail, a citation informing him that he was being sued and was required to answer within 15 days or a default judgment could be entered against him. No answer was filed, and on August 22, 1997, claimant obtained the default judgment for benefits, as well as penalties and attorney fees of $2,000.00 each.
Upon receipt of the judgment, Holmes urged a petition to annul the judgment basically alleging that the failure to reschedule and conduct the mediation hearing rendered all subsequent proceedings void. Judgment dismissing this petition was subsequently entered, and Holmes now appeals that latter judgment.
The pertinent statute here is La. R.S. 23:1310.2(B-C), which provides:
lüB.(l) Upon receipt of the [claim] form, the director shall assign the matter to a district and shall set the matter for a mediation conference within fifteen days of receipt of the form specifying the proper parties. The mediation conference shall be before a workers’ compensation mediator who shall mediate and encourage settlement of the case or determine issues in dispute. Within five days following the conference the workers’ compensation mediator shall issue a report stating the results of the conference which shall be mailed to the parties and the director. (2) If any party fails to appear at a mediation conference after prior notice, the workers’ compensation judge, upon report from the workers’ compensation mediator, may fine the delinquent party an amount not to exceed five-hundred dollars, which shall be payable to the Office of Workers’ Compensation Administrative Fund. In addition, the workers’ compensation judge may assess against the party failing to attend costs and reasonable attorney fees incurred by any other party in connection with the conference. If the plaintiff fails to appear after proper notice, the workers’ compensation judge may dismiss the plaintiffs case without prejudice. The penalties provided in this Subsection shall be assessed by the workers’ compensation judge only after a contradictory hearing which shall be held prior to the hearing on the merits of the dispute.
C. Upon notice from the workers’ compensation mediator that the parties were unable to resolve the dispute, service of process shall be effected on any named defendant in any manner provided by law or by certified mail. All subsequent pleadings requiring service shall also be served in any manner provided by law or by certified mail. A defendant shall file an answer within fifteen days of service of the form or within a delay for answering granted by the workers’ compensation judge not to exceed an additional ten days.
Prior to 1992, the statute provided that after service of the employee’s petition on the *1149 employer, and filing of an answer by the employer, the workers’ compensation judge was to hold a pre-hearing | conference or informal conference to “mediate and encourage 'settlement of the case or determine issues in dispute.” By Acts 1992, No. 760, and Acts 1995, No. 348, the Legislature changed this procedure to provide that the mediation conference was to be held prior to service of the petition before a workers’ compensation mediator, rather than before the workers’ compensation judge. It also added in 1995, Paragraph B(2), relating to penalties for failure of a party to attend the mediation conference.
Under the amended statutory scheme, scheduling of the mediation conference prior to service of the petition is mandatory, as is the mediator’s report on the outcome of the conference and mailing of that report to the parties and the director. Further, it is only upon notice from the mediator that the parties were unable to resolve the dispute that service of process shall be effected.
In the present matter, it is stipulated that no mediation conference was ever held. Moreover, the record does not show that the mediator ever prepared a report or mailed it to the parties and the director. Neither does it indicate that the employer refused to attend a mediation, but rather shows to the contrary, again by stipulation, that Holmes simply arrived late for the conference. It is also clear in the record that the mediation conference was never re-scheduled.
_JsGiven the above facts, it is this court’s opinion that failure to comply with the mandatory requirements of the statute as to the mediation conference and subsequent report by the mediator renders all subsequent actions taken in the case void.
We therefore reverse the judgment dismissing the employer’s nullity action, enter judgment setting aside the original default judgment, and remand the matter for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.